# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FRANK BRETT,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-2023-Orl-18UAM**

**STATE OF FLORIDA POLICE; U.S. CUSTOMS; ORLANDO SHERIFF'S DEPT. SECTOR V; C-3 CHURCH; PASTOR BYRON BLEDSOE; UNIVERSITY PREBYTERIAN CHURCH; PARK LAKE PREBYTERIAN CHURCH; ORLANDO POLICE DEPT.; SYNTEC CORP.; METRO PCS; MASSEY CADILLAC; ORLANDO DEPT. OF CORRECTIONS,**

        **Defendants.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** December 21, 2007
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    Plaintiff seeks to proceed in this action in forma pauperis. In order to proceed in this fashion, Plaintiff must allege a non-frivolous cause of action within the limited jurisdiction of the federal

courts. Plaintiff lists thirteen defendants in the caption of the complaint, while the body of the complaint identifies dozens of loosely identified persons and entities, who have no apparent connection to the named defendants.

## I. THE LAW

### A. The Statute and Local Rules

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Also, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C. Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)

#### 1. Frivolous Factual Allegations

---

[3]At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989). The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*. Also, factual allegations in the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Phillips*, 746 F.2d at 785 *citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a

sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129. If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

   2.  <u>Frivolous Legal Theories</u>

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[4] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance

---

[4] The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).

of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) -- that is, one clearly having a basis in law -- may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D.Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. See *Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F. Supp. at 1330, 1332. When the defense

is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a § 1915 dismissal might be appropriate. *Clark*, 915 F.2d at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a § 1915 dismissal. It is possible that the district court may use § 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F. Supp. at 1324.

## II.   APPLICATION

The Complaint is thirty-seven pages long and largely unintelligible. At best, the Complaint is a litany of perceived wrongs spanning a number of years, including discrimination against non-Italians, discrimination against "out of staters," eavesdropping, wiretapping, harassment by "escort girls," attempted assassination, attempted bribery, alleged threats, real property issues, alleged drug dealing, and various other disputes arising from conduct in, among other locales, Pennsylvania, Washington, D.C., and Ft. Lauderdale. While the Complaint asserts violation of several alleged rights and federal statutes, Plaintiff fails to plead a recognizable factual or legal basis, as opposed to bare conclusions of liability, for any discernable cause of action. To the extent Plaintiff attempts to seek redress for myriad wrongs, the Complaint is simply impossible to decipher.

**IT IS RECOMMENDED THAT:**

1.      Plaintiff's application to proceed *in forma pauperis* be denied because the complaint is frivolous and fails to state a claim.

2.      Within 11 days from the date of any Order adopting or affirming this Report and Recommendation, Plaintiff should be allowed an opportunity to file an amended complaint setting forth a cognizable claim within the limited jurisdiction of this Court. Any such amendment must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief."

2.      Should Plaintiff fail to file an amended complaint in compliance with these guidelines, Plaintiff's case should be DISMISSED without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 3, 2008.

                 *Donald P. Dietrich*
                 DONALD P. DIETRICH
                 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp
Unrepresented Party